UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TARSIA WILLIAMS, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                     **NO. 09-65**

**LOCKHEED MARTIN CORPORATION, ET AL.**                        **SECTION "B"(2)**

ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Plaintiffs', Breck Williams and Tarsia Williams,[1] "Motion to Remand" (Rec. Doc. 54), Defendant's, Lockheed Martin Corporation ("Lockheed Martin"), opposition thereto (Rec. Doc. 59), as well as Plaintiffs' reply (Rec. Doc. 63). Plaintiffs seek to have the remaining claims in this case remanded to state court in light of the dismissal of Defendant Lockheed Martin, the only defendant with a potential federal defense so as to warrant federal jurisdiction. For the reasons below, **IT IS ORDERED** that Plaintiffs' Motion is **DENIED**.

II.  FACTS AND PROCEDURAL HISTORY

This case was originally filed in Civil District Court for the Parish of Orleans on November 12, 2008. (Rec. Doc. 1 at 2). The suit was initiated by the late Frank J. Williams, Jr. ("Williams"), alleging various theories of recovery for exposure to asbestos during his employment under Lockheed Martin as a mechanical engineer at the NASA Michoud Assembly Facility. (Rec.

---

[1] The only children of decedent, Frank J. Williams, Jr., the initial Plaintiff in this case.

Doc. 1-1 at 3). Named as Defendants in this suit were Lockheed Martin, Owens-Illinois, Inc., Viacom, Inc. (later replaced by its successor, CBS Corporation), Foster Wheeler Corporation, General Electric Company, Uniroyal, Inc., McCarty Corporation, Eagle, Inc., Taylor-Seidenbach, Inc., Reilly-Benton Company, Inc., CSR, Ltd., Advocate Mines, Ltd., and NORCA Corporation. (Rec. Doc. 1-1 at 1-3). Defendant Lockheed Martin removed the case to this Court on January 8, 2009, pursuant to 28 U.S.C. § 1442, after discovery revealed that a federal defense might be available. (Rec. Doc. 1 at 3).

On February 6, 2009, Plaintiff Williams filed a motion to remand. (Rec. Doc. 10). This Court did not decide that motion because the action was soon after transferred to the Eastern District of Pennsylvania for inclusion in Multidistrict Litigation No. 875. (*See* Rec. Doc. 23) (noting that Plaintiff Williams objected to transfer prior to a ruling on the motion to remand, but that the transferee judge could decline to rule on pending motions and allow the transferor judge that ability). On April 9, 2012, Judge Eduardo Robreno, Senior United States District Judge for the Eastern District of Pennsylvania, denied Plaintiff Williams's Motion to Remand, after determining that Defendant Lockheed Martin had a colorable government contractor defense so as to proceed in federal court pursuant to the federal officer removal statute. (Rec. Doc. 59-1).

Current Plaintiffs, Breck and Tarsia Williams, were substituted as parties on May 7, 2012, as the only children of decedent Williams. (Rec. Doc. 59-6 at 3). Plaintiffs again filed a motion to remand after the close of discovery, which was similarly denied by Judge Robreno on December 2, 2013, who noted that the court would not lose subject matter jurisdiction over the case even if the court were to later determine that Defendant Lockheed Martin's federal defense failed. (Rec. Doc. 59-2 at 2). Subsequently, on June 23, 2014, Judge Robreno granted Defendant Lockheed Martin's motion for summary judgment based on state law claims. (Rec. Doc. 59-3).

On August 20, 2014, Plaintiffs filed their "Motion Requesting the Suggestion of Remand and Status Update," requesting the case be remanded to the Eastern District of Louisiana for trial. (Rec. Doc. 59-5). Plaintiffs represented that "[t]here [were] no outstanding motions remaining in the case" and that "Plaintiffs [were] prepared for trial without delay once on the transferor Court's normal docket." (Rec. Doc. 59-5). The case was remanded shortly thereafter on September 22, 2014 and Defendant Lockheed moved for entry of judgment pursuant to the previous grant of summary judgment in its favor, which this Court granted and entered accordingly. (Rec. Docs. 26, 28-30).[2] Plaintiffs thereafter filed

---

[2] The same motion was also filed by Defendant Reilly-Benton Company, Inc., as it similarly prevailed on its motion for summary judgment, and the Court likewise granted that motion and entered judgment in its favor. (Rec. Docs. 31, 35, 38).

3

an appeal with the Fifth Circuit, challenging, among other decisions, the order denying the initial motion to remand, the order denying the latter motion to remand, and the order granting Defendant Lockheed Martin's motion for summary judgment. (Rec. Doc. 33).

On June 1, 2015, the Fifth Circuit's judgment was filed in the record, which dismissed Plaintiffs' appeals for lack of jurisdiction due to prematurity. (Rec. Doc. 47). Subsequently, no action was taken in the case for over seven months, until this Court ordered on January 21, 2016 that Plaintiffs show cause why remaining defendants had not been served. (Rec. Doc. 48). On March 2, 2016, Plaintiffs filed the instant motion to remand. Of the remaining defendants, none have filed oppositions. However, Defendant Lockheed Martin opposes the motion in light of the fact that the judgment in its favor "is not yet final." (Rec. Doc. 59 at 1).

**III. CONTENTIONS OF MOVANT**

Plaintiffs first argue that this Court lacks subject matter jurisdiction because there is no diversity of parties and incomplete diversity destroys original jurisdiction with respect to all claims. Plaintiffs additionally aver that this Court lacks subject matter jurisdiction because there are no federal questions to be adjudicated. Plaintiffs further maintain that this Court never had valid subject matter jurisdiction because Defendant

Lockheed Martin could not provide any evidence to support its claim of government contractor immunity. Finally, Plaintiffs state that, according to jurisprudence established by new cases in the Eastern District of Louisiana, the case must now be remanded.

**IV.   CONTENTIONS OF OPPONENTS**

Defendant Lockheed Martin first argues that its judgment is not yet final such that it should be permitted to oppose what is Plaintiffs' third attempt at divesting this Court of subject matter jurisdiction, a conclusion that has been confirmed twice previously. Defendant then points out that, prior to remand to this Court, Plaintiffs stated that there were no outstanding motions and that they were prepared for trial without delay, making a motion at this time inappropriate. Defendant maintains that Plaintiffs' contention that the federal courts "never had subject matter jurisdiction" is inaccurate and improperly seeks reconsideration of multiple orders affirming that jurisdiction. Finally, Defendant avers that its judgment does not divest this Court of subject matter jurisdiction in light of the Court's supplemental jurisdiction.

**V.   STANDARD OF LAW**

Pursuant to 28 U.S.C. § 1367,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of

5

> the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367 (2006). The Court is not deprived of this jurisdiction when the primary cause of action is dismissed, whether on the merits or due to settlement, as long as the case was not disposed of for lack of subject matter jurisdiction. *See IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health Inc.*, 676 F.2d 152, 159 (5th Cir. 1982). This is true even when a case is removed pursuant to 28 U.S.C. § 1442. *See Bartel v. Alcoa S.S. Co.*, 805 F.3d 169, 172 n.2 (5th Cir. 2015) (quoting *IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. Unit B May 1982)) ("[E]limination of the federal officer from a removed case does not oust the district court of jurisdiction.").

If the claim that created original subject matter jurisdiction is no longer part of the suit, the exercise of supplemental jurisdiction is discretionary. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"). The Fifth Circuit has interpreted this discretion as limited, such that "it is [the] 'general rule' that courts should decline supplemental jurisdiction when all federal

6

claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Accordingly, it is required that the district court dismiss the ancillary claim unless doing so would unduly prejudice the parties. *See Waste Sys., Inc. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982). The Supreme Court provided that prejudice would not be found if the dismissal of the original claim occurred early in the litigation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Conversely, the Fifth Circuit has found that the district court abused its discretion in declining to exercise supplemental jurisdiction over remaining state law claims when a significant amount of judicial resources were invested in a case. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227-28 (5th Cir. 1999).

**VI. DISCUSSION**

Plaintiffs assert an array of arguments in their motion, the majority of which are insult to Judge Robreno, as the presiding judge over this MDL prior to remand. The remainder of Plaintiffs' arguments improperly misconstrue the relevant law and fail to acknowledge the discretion of the district courts to determine whether to exercise supplemental jurisdiction. Despite the instant

7

motion's near frivolity,[3] this Court will address each of Plaintiffs' arguments more fully in the order they are presented.

### A. Lack of Diversity does not Destroy Subject Matter Jurisdiction.

Plaintiffs are mistaken in alleging that lack of diversity destroys subject matter jurisdiction.[4] Though federal jurisdiction exists under 28 U.S.C. § 1332 when there is diversity of citizenship and an amount in controversy that exceeds $75,000, this is not the only manner of establishing subject matter jurisdiction. Plaintiffs maintain that "[t]here is no diversity of parties, therefore this court lacks subject matter jurisdiction." (Rec. Doc. 54-1 at 4). In support of this, Plaintiffs state that "[t]he mandate is clear: Incomplete diversity destroys original jurisdiction with respect to all claims." (Rec. Doc. 54-1 at 4) (citations omitted). Although this Court does not deny the veracity of that "mandate," Plaintiffs' selective recitation is misleading.

Specifically, Plaintiffs have cited to precedent where the court was unable to maintain supplemental jurisdiction over any claim in an action due to incomplete diversity, because there was no other basis for federal jurisdiction such that subject matter jurisdiction had to be based on 28 U.S.C. § 1332. Here, that is

---

[3] It should be noted that Plaintiffs' reply to Defendant Lockheed Martin's opposition either seeks to deny making such arguments or attempts to withdraw them. (Rec. Doc. 63).
[4] Plaintiffs again mention this argument in their reply, but clarify that lack of diversity destroys subject matter jurisdiction only because there is no federal question present. (*See* Rec. Doc. 63 at 2).

not at issue because jurisdiction was initially based on 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Lack of diversity does not destroy subject matter jurisdiction if federal jurisdiction was not based on the existence of diversity at the outset. To maintain that all federal actions must have complete diversity is asinine.

**B. Dismissal of Federal Claims does not Destroy Subject Matter Jurisdiction.**

Plaintiffs incorrectly state, "There are no federal questions to be adjudicated herein, therefore this court lacks subject matter jurisdiction." (Rec. Doc. 54-1 at 5). While Plaintiffs accurately submit that there are no federal questions remaining in this case, there is no law to support the conclusion that this Court now lacks subject matter jurisdiction. Rather, as has already been stated, this Court has the discretion to decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §§ 1367(c) and 1442(a)(1).[5] In this instance, it is not proper to decline supplemental jurisdiction.

When a case is removed pursuant to 28 U.S.C. § 1442(a)(1), there is "independent authority for a discretion to remand from the nature of the ancillary jurisdiction created by" that statute. *IMFC*, 676 F.2d at 160. "[T]he district court's power to consider

---

[5] In Plaintiffs' reply, they correct their mistake and acknowledge the discretion of the district court to decline to exercise supplemental jurisdiction (Rec. Doc. 63 at 2-5), yet still maintain that "the dismissal of Lockheed Martin by summary judgment now *requires* remand to state court." (Rec. Doc. 63 at 1) (emphasis added).

9

the nonfederal aspects of this case results from the ancillary jurisdiction created by the authority in [28 U.S.C. §] 1442(a)(1) to remove the entire action." *Id.* Thus, 28 U.S.C. § 1442(a)(1), "through its creation of an ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction over [nonfederal] claim[s] once [the federal officer has] dropped out of the case." *Id.; see also Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984). Accordingly, this Court has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims.

"Whether the supplemental claims should be remanded if the federal officer's 'anchor' claim is dismissed or settled, or if the supplemental claims have been asserted against non-federal parties, depends on considerations of comity, federalism, judicial economy, and fairness to litigants." 14C Charles Alan Wright et al., Federal Practice & Procedure § 3726 (4th ed. 2015).[6] In weighing these considerations, *Batiste* is instructive; although in

---

[6] This Court references Fifth Circuit law, but notes that the framework for determining whether a district court should decline to exercise jurisdiction over remaining state law claims after the dismissal of the claim giving rise to jurisdiction specifically under 28 U.S.C. § 1442(a)(1) has not been addressed in the Third Circuit since the 1990 enactment of the current version of 28 U.S.C. § 1367. *See Lovell Mfg., a Div. of Patterson-Erie Corp. v. Exp.-Imp. Bank of the U.S.*, 843 F.2d 725 (3d Cir. 1988), *superseded by statute*, Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5113, *as recognized in Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995). The amended 28 U.S.C. § 1367 states that federal courts shall exercise supplemental jurisdiction over pendent claims after the basis for original jurisdiction no longer exists, but have discretion to decline that jurisdiction. Nonetheless, the Third Circuit has applied the identical framework when jurisdiction is originally based on a federal question. *See, e.g.*, *Sarpolis v. Tereshko*, 625 F. App'x 594 (3d Cir. 2016). The relevance of this notation will be explained more fully in a subsequent section.

that case original federal jurisdiction was obtained under 28 U.S.C. § 1331, not 28 U.S.C. § 1442(a)(1). *See* 179 F.3d 217. In *Batiste*, the Fifth Circuit found that the district court abused its discretion in declining to exercise jurisdiction over pendent state law claims after the dismissal of all federal claims. *Id.* at 227-28. Specifically, in weighing "the factors of judicial economy, convenience, and fairness to the parties[,]" the court stated:

> The case had been pending in the district court for almost three years when the court [declined jurisdiction], and the trial was scheduled to begin one month later. . . . The instant case has produced more than sixteen volumes of record over the course of three years, numerous depositions and discovery disputes, and significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment. . . . The familiarity of the district court with the merits of the [plaintiffs'] claims demonstrates that further proceedings in the district court would prevent redundancy and conserve scarce judicial resources, and we therefore conclude that principles of judicial economy, convenience, and fairness to the parties weigh heavily toward our determination that the district court abused its discretion in dismissing the [plaintiffs'] remaining claims.

*Id.* (citations omitted). The court also pointed out in its analysis "that the remaining claims [did] not involve any 'novel or complex' issues of state law" and "[t]he district court here had already granted defendants summary judgment on some state-law claims[,]" so as to further "weigh[] heavily toward [the] conclusion that the

11

district court abused its discretion in refusing to retain jurisdiction over the remaining claims." *Id.* at 227.[7]

This case bears striking resemblance to *Batiste*. This case has been pending in the district court for over seven years, a timespan over double that in *Baptiste*. (Rec. Doc. 1). Likewise, "[a]ll discovery has been completed" and Judge Robreno previously found that "this case is prepared for trial without delay once on [the instant Court's] docket[.]" (Rec. Doc. 28 at 3-4). Further, "[t]he deadline to file summary judgment motions has passed" and the Eastern District of Pennsylvania "adjudicated all outstanding motions, including dispositive motions." (Rec. Doc. 28 at 3). As in *Baptise*, the district court already granted defendants, including Lockheed Martin, summary judgment on some state law claims. (*See* Rec. Docs. 26, 29-31, 35, 38). In addition, Plaintiffs have not presented any evidence that the remaining state law claims are novel or complex so as to demand remand. Finally, this Court points out that Plaintiffs waited to file the instant motion almost eighteen months after remand from the Eastern District of Pennsylvania and over nine months after the Fifth Circuit denied its appeal. (*See* Rec. Doc. 28, 47). Plaintiffs likewise represented that "[t]here [were] no outstanding motions remaining in the case" and that "Plaintiffs [were] prepared for trial without delay once

---

[7] As previously stated, the Third Circuit applies the same factors when determining whether to exercise supplemental jurisdiction over state law claims after the dismissal of the federal claim giving rise to jurisdiction. *See Sarpolis*, 625 F. App'x at 598-601.

12

on the transferor Court's normal docket." (Rec. Doc. 59-5). Remand was not warranted previously and, after such extensive delay, it is certainly not justified now.

### C. The Court Has Maintained Valid Subject Matter Jurisdiction throughout the Pendency of this Action.

This Court declines to consider Plaintiffs' outrageous argument that "[t]his Court never had valid subject matter jurisdiction." (Rec. Doc. 54-1 at 6).[8] "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented,* 466 U.S. 144 (1984)) (internal quotations omitted). "[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.* at 816 (quoting 1B James Wm. Moore et al., Moore's Federal Practice ¶ 0.404[1], p. 118 (2d ed. 1984)). The purpose of the doctrine is to "promote[] the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id.* (citation omitted).

---

[8] Plaintiffs seem to deny ever making this argument in their reply, as they aver that they "do not seek to revisit the decisions of the Eastern District of Pennsylvania the [sic] MDL with this Motion to Remand." (Rec. Doc. 63 at 1).

Judge Robreno in the Eastern District of Pennsylvania has already confirmed the existence of subject matter jurisdiction in this case on two prior occasions in 2012 and 2013, denying Plaintiffs' previous Motions to Remand. (Rec. Docs. 59-1, 59-2). The instant motion, insofar as it suggests that this Court never had subject matter jurisdiction, mirrors the arguments that were already rejected by Judge Robreno. This Court should not revisit or disturb those opinions. To do so would be insult to the coordinate court and waste judicial resources, and Plaintiffs' Motion has already accomplished both of these goals.

### D. Jurisprudence does Not Warrant Reversal or Vacatur of Previous Denials of Plaintiffs' Motions to Remand.

Finally, this Court does not believe that more recent decisions justify reversal of Judge Robreno's holding. Again, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson*, 486 U.S. at 816. Traditional principles of law of the case similarly counsel against the transferee court reevaluating the rulings of the transferor court. *See In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir. 1983); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168–69 (3d Cir. 1982). Nonetheless, a court has the authority "to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly

14

erroneous and would work a manifest injustice.'" *Id.* at 817 (quoting *Arizona*, 460 U.S. at 618 n.8).

Though this Court believes its recent decisions are consistent with Judge Robreno's affirmation of subject matter jurisdiction, it is likewise of the opinion that it has no authority to revisit a rule of law decided under the umbrella of the Third Circuit, and any act to the contrary would be to defy the purpose of MDLs. Specifically, Plaintiffs argue that remand is required under *Ross v. Reilly Benton, Inc.*, No. CV-14-1161, 2014 WL 3514668 (E.D. La. July 15, 2014) (Engelhardt, J., presiding) and *Addotto v. Equitable Shipyards, LLC*, No. CV-13-5807, 2014 WL 1389632 (E.D. La. Mar. 31, 2014) (Lemelle, J., presiding). These cases both rely heavily on a decision of the Fifth Circuit in *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387 (5th Cir. 1998).

As was already mentioned, Judge Robreno already ruled on this motion when the case was in the same posture (as this argument is not based on the dismissal of Defendant Lockheed). In deciding the previous motions, Judge Robreno had the discretion to choose which interpretation of federal law to apply as the presiding judge over the transferee court in MDL No. 875. *See In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1174 (D.C. Cir. 1987) *aff'd sub nom. Chan v. Korean Air Lines, Ltd.*, 490 U.S. 122 (1989) (citing Richard L. Marcus, Conflicts Among Circuits and Transfers

15

Within the Federal Judicial System, 93 Yale L.J. 677, 721 (1984)). Judge Robreno consistently applied law of the Eastern District of Pennsylvania, the Third Circuit, and the Supreme Court in his orders denying Plaintiffs' motions to remand. (See Rec. Docs. 59-1, 59-2).[9] It would not make sense to now relitigate the issue pursuant to the Fifth Circuit's framework, the law of the transferor court, regardless of whether that framework is different.[10] To do so would defeat the purpose of MDLs.

The principle purpose of MDL is to avoid piecemeal litigation and to coordinate pretrial proceedings, prior to returning the case to the transferor court for trial. *See* 28 U.S.C. § 1407. To reconsider Judge Robreno's decision under Fifth Circuit precedent would undermine this purpose. Essentially, parties would then be able to proceed in MDL, receive an unfavorable ruling, and then relitigate their position under another circuit's jurisdiction. This would lead to the exploitation of judicial resources rather than promote efficient resolution of conflict as MDL was intended. Further, there is case law to suggest that courts should

---

[9] "As a general rule, questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 40 (D.D.C. 2007) (citations omitted) (internal quotations omitted).

[10] As Justice Ginsburg once pointed out:
> The federal courts spread across the country owe respect to each other's efforts and should strive to avoid conflicts, but each has an obligation to engage independently in reasoned analysis. Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit.

*In re Korean Air Lines*, 829 F.2d at 1176.

consistently employ the same law when reconsidering the same issues. *See, e.g.*, *In re Air Disaster*, 819 F. Supp. 1352, 1371 (E.D. Mich. 1993) (transferee court applied law of the transferor court to a motion for reconsideration because the initial order on the motion sought to be reconsidered was decided pursuant to the transferor court's law). Finally, Plaintiffs' motion directly contradicts their representation that "[t]here are no outstanding motions remaining in the case" and that "Plaintiffs are prepared for trial without delay once on the transferor Court's normal docket." (Rec. Doc. 59-5). Accordingly, this Court declines to apply its law to an issue already resolved by Judge Robreno.

**VII. CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion is **DENIED.**

New Orleans, Louisiana, this 31st day of March, 2016.

UNITED STATES DISTRICT JUDGE