UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRECK WILLIAMS AND** | * **CIVIL ACTION NO.** | **2:09-cv-00065** |
| **TARISA WILLIAMS** | * | **c/w** |
| | * | **2:16-cv-13136** |
| | * | |
| **v.** | * **JUDGE IVAN LEMELLE** | |
| | * | |
| | * | |
| **RUST ENGINEERING AND** | * **MAGISTRATE JUDGE DANA DOUGLAS** | |
| **CONSTRUCTION, INC., ET AL.** | * | |

*************************************************************************

### OWL INTERNATIONAL, INC. d/b/a GLOBAL ASSOCIATES AND RUST ENGINEERING & CONSTRUCTION, INC.'S
### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, comes Defendants, Owl International, Inc. d/b/a/ Global Associates, and Rust Engineering & Construction, Inc. (hereinafter "Williams II Defendants") and file this, their Memorandum in Support of their Motion to Dismiss all claims against them with prejudice.

**I.     Factual Background**

Frank J. Williams filed suit in the Civil District Court for the Parish of Orleans in November 2008 after being diagnosed with mesothelioma (hereinafter, "Williams I"). He alleged exposure to asbestos at the Michoud Assembly Facility ("MAF") where he worked. Lockheed Martin Corporation ("Lockheed") removed the case to the United States District Court, Eastern District of Louisiana under the Federal Officer Removal Statute. On January 1, 2009 Frank Williams died, and his children Tarsia and Breck Williams proceeded with the case without filing a formal substitution. The case was transferred to the Asbestos MDL court in the

Eastern District of Pennsylvania, where it remained for several years of proceedings. [See 2:09-CV-65 ECF No. 22].

On February 6, 2013, almost five years after the suit was initiated, an amended complaint was filed which added The Boeing Company (hereinafter "Boeing") as a defendant. [*See* E.D. Pa. 2:09-CV-70101 ECF No. 90]. The MDL court granted a number of dismissals through motions to dismiss, voluntary dismissals and summary judgments. [*See* 2:09-CV-65 ECF No. 195]. This included Boeing, whose summary judgment was granted on June 24, 2014. [*See* E.D. Pa. 2:09-CV-70101 ECF No. 422]. Then Williams I was returned to the Eastern District of Louisiana for entry of judgment. [*See* 2:09-CV-65 ECF No. 25 & 28].

On June 2, 2016, the Plaintiffs filed a new and separate suit in the Civil District Court in the Parish of Orleans, Louisiana (hereinafter, "Williams II"). [*See* Consolidated Case 2:16-CV-13136 ECF No. 1 Exhibit 1]. Williams II contained the same vague exposure allegations[1] stemming from Frank Williams' work at the MAF but named three new defendants – Rust Engineering and Construction, Inc as successor to the Rust Engineering Company and Mason-Rust, Global Associates, and FIAT S.P.A. as successor to Daimler Chrysler AG and The Chrysler Corporation. [*See* Consolidated Case 2:16-CV-13136 ECF No. 1 Exhibit 1]. On July 22, 2016, Williams II was removed to the United States District Court, Eastern District of Louisiana. [*See* Consolidated Case 2:16-CV-13136 ECF No. 1].

On March 10, 2017, Williams II was consolidated with Williams I. [*See* Consolidated Case 2:16-CV-13136 ECF No. 20]. In the Order consolidating the case, the Court stated that it appears that Williams I and Williams II "involve[] common questions of both law and fact." [*See* Consolidated Case 2:16-CV-13136 ECF No. 20]. On September 27, 2018, Williams II

---

[1] The 2016 Williams II Complaint is not drafted in a way in which the Defendants can clearly ascertain which claims the Plaintiffs are alleging against them.

was stayed pending the plaintiffs' appeal regarding dismissals in Williams I. [*See* Consolidated Case 2:16-CV-13136 ECF No. 21].

On the same day that Williams II was stayed pending the appeal of Williams I, the Court entered a Rule 54(b) Final Judgment which provided a comprehensive list of each party, how the claims against them were resolved, the date on which it occurred, and the corresponding docket entry. [*See* 2:09-CV-65 ECF No. 195]. The Final Judgment provided[2]:

| **PARTIES DISMISSED BEFORE WILLIAMS II WAS FILED** | | | |
|---|---|---|---|
| **Party Name** | **Date Dismissed** | **Dismissal Type** | **Corresponding Docket Entry** |
| **NORCA Corporation** | 2/28/2011 | Dismissed for Lack of Personal Jurisdiction | ED PA 9-cv-70101 ECF No. 37 |
| New NGC, Inc. | 5/16/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 122 |
| **Advocate Mines, LTD** | 5/16/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 128 |
| Seville, Inc. | 9/5/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 260 |
| Hy-Tech Roofing, Service, Inc. | 10/17/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 126 |
| Air Products and Chemicals | 10/31/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 306 |
| Exxon Mobil Corporation | 10/31/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 307 |
| Lou-Con, Inc. | 10/31/2013 | Dismissed Voluntarily | ED PA 9-cv-70101 ECF No. 308 |
| **General Electric Company** | 5/29/2014 | Dismissed with Prejudice | ED PA 9-cv-70101 ECF No. 397 |
| **Foster Wheeler Corporation** | 5/29/2014 | Dismissed with Prejudice | ED PA 9-cv-70101 ECF No. 398 |

---

[2] The Movant has rearranged the dismissals as listed by the Court in its Final Judgment to reflect the chronological order in which they occurred, and has separated them into two groups: (1) Parties dismissed before Williams II was filed, and (2) All parties remaining when Williams II was filed with their subsequent dismissal information. The parties to the Original Complaint filed in November 2008 are notated with Bold text.

| Party Name | Date Dismissed | Dismissal Type | Corresponding Docket Entry |
|---|---|---|---|
| CBS Corporation as successor in interest to Viacom, Inc. and **Viacom, Inc. as successor-in-interest to Westinghouse Electric Corporation** | 5/29/2014 | Dismissed with Prejudice | ED PA 9-cv-70101 ECF No. 399 |
| **Owens-Illinois Inc.** | 6/9/2014 | Dismissed with Prejudice | ED PA 9-cv-70101 ECF No. 418 |
| **Lockheed Martin Corporation individually and as successor-in-interest to Martin Marietta Inc.** | 6/24/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 421 |
| The Boeing Company | 6/24/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 422 |
| **Reilly-Benton Company, Inc.** | 6/25/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 423 |
| **Taylor-Seidback, Inc**. | 6/26/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 424 |
| **McCarty Corporation** | 6/26/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 425 |
| **Eagle Inc. f/k/a Eagle Asbestos & Packing Company** | 6/27/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 426 |
| Standard Services Company, Inc. | 6/30/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 427 |
| Insulation Technologies, Inc. | 7/23/2014 | Dismissed by Summary Judgment | ED PA 9-cv-70101 ECF No. 452 |

| PARTIES REMAINING WHEN WILLIAMS II WAS FILED ||||
|---|---|---|---|
| **Party Name** | **Date Dismissed** | **Dismissal Type** | **Corresponding Docket Entry** |
| **CSR, Ltd**. | 11/16/2016 | Dismissed | ED LA 2:09-CV-65 ECF No. 78 |
| Gottfried Corporation | 11/16/2016 | Dismissed | ED LA 2:09-CV-65 ECF No. 78 |
| Environmental Abatement Services, Inc. | 11/16/2016 | Dismissed | ED LA 2:09-CV-65 ECF No. 78 |
| **Uniroyal, Inc.** | 11/18/2016 | Dismissed with Prejudice | ED LA 2:09-CV-65 ECF No. 81 |

4

On February 3, 2022, the Fifth Circuit handed down its ruling on the pending appeal. [*See* 2:09-CV-65 ECF No. 233]. The Fifth Circuit affirmed in part, and reversed and remanded in part the MDL Court's grant of summary judgment only pertaining to Boeing. The Fifth Circuit reversed and remanded the survival action alleged against Boeing and ordered additional discovery. And the Fifth Circuit affirmed the dismissal of the wrongful death claims. The Fifth Circuit explained that because the decedent passed away on January 1, 2009 and the plaintiffs did not amend the complaint in the case to include the wrongful death claim until January of 2013 – nearly four years later – the claim was prescribed and was properly dismissed by the MDL Court.

On May 3, 2022, the plaintiffs moved this Court to reopen Williams II. [*See* 2:09-CV-65 ECF No. 241]. The stay was lifted on the case on June 2, 2022. [*See* 2:09-CV-65 ECF No. 249]. Now, the Williams II Defendants move this Court to dismiss all claims against them with prejudice because all claims against them are prescribed and cannot be revived as discussed next.

## II.     Argument

In considering a motion to dismiss, this Court should accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

### A.     Williams II Complaint is Prescribed On Its Face

The prescriptive period for a personal injury action is one year that "commences to run from the day injury or damage is sustained." LA. Civ. Code Art. 3492. Ordinarily, the burden of proving prescription lies with the party raising the exception, but when prescription is

evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Maestri v. Pazos*, 15-9 (La. App. 5 Cir. 5/28/15), 171 So.3d 369, 371; *See also Williams v. American Family Mutual Insurance Co.,* 520 So.2d 1082 (La.App. 3d Cir.1987); *See also Simmons v. Bartleet Chemical, Inc.,* 420 So.2d 1273 (La.App. 3d Cir.1982).

Here, the one-year prescriptive period for any claim regarding Mr. Williams' Mesothelioma diagnosis would have commenced in August 2008 when he was diagnosed. Mr. Williams timely filed Williams I in November 2008. However, Williams II, which was filed as an independent suit in June 2016 was prescribed on its face because it was not filed until 7 years and 10 months after Mr. Williams' Mesothelioma diagnosis. As such, the burden must pass to the plaintiffs to show that the action has not prescribed.

### B. Plaintiffs Cannot Establish Interruption of Prescription by a Solidary Obligor

Louisiana Civil Code article 1799 provides an exception to prescription. It states that "interruption of prescription against one solidary obligor is effective against all solidary obligors." Louisiana Civil Code article 1799.[3]

When the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. *BellSouth Telecommunications, LLC v. A&A Cable Contractors, Inc.,* 221 So.3d 90, 92 (La.App. 1 Cir. 2017); citing *Toomer v. A–1 Fence & Patio, Inc.*, 08-2197 (La.App. 1 Cir. 10/27/09), 29 So.3d 609, 612, *writ denied*, 09-2564 (La. 2/5/10), 27 So.3d 302.

Here, there were only four Williams I defendants remaining in the case when the Williams II complaint was filed. [*See* 2:09-CV-65 ECF No. 195]. The four remaining Williams

---

[3] It should be noted that the 1996 amendments to the Louisiana Civil Code abolished solidary liability among non-intentional tortfeasors. However, the Complaint in Williams II alleges "intentional concealment and fraud." [*See* Consolidated Case 2:16-CV-13136 ECF No. 1 Exhibit 1 ¶32].

I defendants on June 2, 2016 were CSR Ltd., Gottfried Corporation, Environmental Abatement Services, Inc., and Uniroyal Inc.  Of these four, only two were sued in the timely filed 2008 Complaint, CSR Ltd. and Uniroyal Inc.  At this time, the Plaintiffs have not established that either of the Williams II Defendants are a solidary obligor with any of the four remaining Williams I defendants and as previously stated, it is the Plaintiffs' burden to do so.

Despite the fact that the Plaintiffs have not yet been established that the Williams II Defendants are solidary obligors with CSR Ltd., Gottfried Corporation, Environmental Abatement Services, Inc., or Uniroyal Inc, any other argument that Plaintiffs may make regarding interruption of prescription based on the concept of solidary obligors must fail as further explored below.

### C. Prescription Was Never Interrupted Because Four Active Williams I Defendants Were Dismissed as Not Liable on November 16 & 18, 2016

If suit is filed against a party who is subsequently determined to have no duty to the plaintiff, the filing of that suit does not interrupt prescription against a purported solidary obligor who has not been timely sued. *Etienne v. National Auto. Ins. Co*., 759 So.2d 51 (La. 2000).

In *Etienne*, an automobile accident victim sued the driver, the driver's insurer, and the driver's employer's insurer, settled the claims against the driver and her insurer, and filed an amended petition to add the employer under the doctrine of respondeat superior more than one year after the dismissal of the suit against the employee. *Etienne v. National Auto. Ins. Co*., 759 So.2d 51, 53 (La. 2000).  The Louisiana Supreme Court held that prescription against the employer was no longer interrupted after the suit against its employer was dismissed, and that the claim against the employer's insurer did not interrupt prescription as to the suit against the

employer because the insurer had no obligation to the plaintiff and could not be considered a solidary. *Id.* at 56.

Similarly, the Louisiana Supreme Court has stated that when a "**timely sued** defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants will then be dismissed, because no joint or solidary obligation would exist." *Sims v. American Ins. Co.*, 101 So.3d 1 (La. 2012)(emphasis added).

Here, CSR Ltd., Gottfried Corporation, and Environmental Abatement Services, Inc. were dismissed on November 16, 2016 [*See* 2:09-CV-65 ECF No. 78] and Uniroyal Inc. was dismissed on November 18, 2016 [*See* 2:09-CV-65 ECF No. 81]. As a result, the consolidated action against the Williams II Defendants became ripe for dismissal when the final timely sued Williams I defendant, Uniroyal, Inc. was dismissed on November 18, 2016.[4] As stated above in *Etienne,* "[i]f suit is filed against a party who is subsequently determined to have no duty to the plaintiff, the filing of that suit does not interrupt prescription against a purported solidary obligor who has not been timely sued." As such, prescription against the Williams II Defendants was not interrupted, and Global and Rust have not been timely sued by the Plaintiffs. The Williams II Defendants are entitled to dismissal.

Further, the fact that the Fifth Circuit later reversed the grant of summary judgment in favor of Boeing does not impact the prescription of the Plaintiffs' claims against Global. The Louisiana Supreme Court has stated that a claim that has prescribed cannot be revived. *See Rizer v. American Surety & Fidelity Ins. Co.,* 95–1200 (La.3/8/96), 669 So.2d 387, 391, *reh'g denied*, (La.4/19/96). Stated another way, "after prescription extinguishes a cause of action, it cannot be interrupted." *Rizer v. American Sur. & Fid. Ins. Co.,* 95-1200 (LA. 3/8/96), 669

---

[4] *See Etienne v. Nat'l Auto. Ins. Co.*, 99-2610 (La. 2000), 759 So.2d 51, 52–57 (stating "While the allegation of solidary liability is pending, the exception of prescription remains premature.").

So.2d 387 (citing *Bustamento v. Tucker,* 607 So.2d 532, n.5 (La. 1992)).

Further, Boeing was not one of the original defendants who was timely sued in November of 2008. Boeing was not sued until November 2013. So even if Boeing is solidarily liable with Global, it was not timely sued – the prescriptive period was 1 year, and plaintiffs waited 5 years to sue Boeing. Because Boeing was not timely sued either, its "revived" status in the case would not have interrupted prescription.

Here, the plaintiffs' claims against the Williams II Defendants prescribed when Uniroyal, Inc., the last of the timely sued defendants, was dismissed on November 18, 2016. Boeing's revival in this case six years later does not and cannot also revive the Plaintiffs' prescribed claims against Global and Rust. *See Rizer,* 669 So.2d at 390-91; *see also Bustamento,* 607 So.2d at n.5. Allowing the Plaintiffs to maintain a suit against the Williams II Defendants on the basis that they are solidary obligors with Boeing, a party whom was not a timely sued defendant, and who was not in the case when Global was sued, would run afoul not only of Louisiana law, but of the public policy and intent of prescription statutes in the state.

Because the Williams II Complaint was obviously prescribed on its face when it was filed, the burden shifts to the plaintiffs to establish interruption of prescription as it pertains to claims against the Williams II Defendants. However, as discussed herein, even if Plaintiffs established that the Williams II Defendants were solidarily liable with any of the two timely sued defendants remaining in the Williams I case when Williams II was filed, any attempt to show interrupted prescription is futile because when all defendants were dismissed on November 18, 2016, the claims against Global and Rust prescribed and cannot be revived.

9

**WHEREFORE,** Defendants, Owl International, Inc., d/b/a Global Associates and Rust Engineering & Construction, Inc. respectfully request that this Court grant their Motion to dismiss all claims with prejudice.

This, the 14th day of November, 2022.

Respectfully Submitted:

**MARON MARVEL BRADLEY & ANDERSON LLC**

*/s/Richard M. Crump*
RICHARD M. CRUMP (#30460)
AUTUMN T. BREEDEN (#37604)
201 St. Charles Avenue, Suite 2411
New Orleans, LA 70139-6001
Telephone: (504) 684-5100
Facsimile: (504) 613-0067

*Attorneys for Owl International, Inc.,*

*d/b/a Global Associates*

**SULZER & WILLIAMS, LLC**

*/s/Robert E. Williams, IV*
ROBERT E. WILLIAMS, IV
201 Holiday Blvd., Suite 335
Covington, LA 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871

*Attorney for Rust Engineering & Construction, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing of ECF registrants. I also certify that a copy of the foregoing was forwarded by United States Mail, postage prepaid and properly, to all to non-ECF registrants.

                                                */s/Richard M. Crump*
                                                RICHARD M. CRUMP (#30460)