# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRECK WILLIAMS AND TARISA WILLIAMS<br><br>v.<br><br>RUST ENGINEERING AND CONSTRUCTION, INC., ET AL | CASE NO.: 2:09-CV-00065 C/W 2:16-CV-13136<br><br>JUDGE IVAN LEMELLE<br><br>MAGISTRATE JUDGE KAREN WELLS ROBY<br><br>SECTION: "B"(4) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RUST ENGINEERING & CONSTRUCTION, INC.'S ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Rust Engineering & Construction, Inc., (hereinafter "Rust Engineering") who, in response to Plaintiff's Original Petition for Damages, asserts the following Answers and Affirmative Defenses:

### ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES

**1. – 3.**

The allegations of Paragraphs 1 - 3 are denied for lack of sufficient information to justify a belief therein.

**4.**

In response to the allegations in Paragraph 4, Rust admits it is a Delaware corporation. The remaining allegations of Paragraph 4 do not appear to pertain to this Defendant and thus do not require a response. Out of an abundance of caution, and to the extent an answer is deemed necessary, the allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

**5. – 10.**

The allegations of Paragraphs 5 - 10 are denied for lack of sufficient information to justify a belief therein.

**MAF EXPOSURE**

**11. – 23.**

The allegations of Paragraphs 11 - 23 are denied for lack of sufficient information to justify a belief therein.

**STRICT LIABILITY OF THE DEFENDANTS**

**24. – 29.**

The allegations of Paragraphs 24 - 29 are denied for lack of sufficient information to justify a belief therein.

**NEGLIGENCE LIABILITY OF DEFENDANTS**

**30. – 36.**

The allegations of Paragraphs 30 – 36 are denied for lack of sufficient information to justify a belief therein.

**37. – 38.**

The allegations in Paragraphs 37 - 38 do not require a response. Out of an abundance of caution, and to the extent an answer is deemed necessary, the allegations of Paragraphs 37 – 38 are denied for lack of sufficient information to justify a belief therein.

**39.**

In response to the prayer for relief in Paragraph 39, Defendant denies any liability to Plaintiff herein.

**AND NOW**, further answering Plaintiff's Petition for Damages, Rust Engineering & Construction, Inc. (hereinafter "Rust Engineering") asserts the following Affirmative Defenses:

# AFFIRMATIVE DEFENSES

**1.**

Rust Engineering avers that Plaintiffs' claims are barred by his/her/decedent's own contributory and/or comparative negligence and assumption of risk, consisting, without limitation, of the following non-exclusive particulars:

**(1)** Failure to properly protect himself against hazards about which he knew or should have known;
**(2)** Failure to wear proper protective equipment;
**(3)** Failure to follow instructions of his superiors; and
**(4)** Any and all other negligent acts or omissions which may be discovered or proved at the trial of this matter.

**2.**

Rust Engineering avers that the injuries and damages alleged in the Petition, which injuries are expressly denied, were caused by the negligence, strict liability, or fault of third-parties for whom Rust Engineering is not liable.

**3.**

Rust Engineering avers that all claims alleged herein against this Defendant, are barred, in whole or in part, by prescription, peremption, or other statutes of limitations or repose.

**4.**

Rust Engineering denies that it was ever a manufacturer of any asbestos-containing products or equipment. Any and all allegations against Rust Engineering as a manufacturer are without basis in fact and are denied.

**5.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that the Decedent/Plaintiffs did not use any products manufactured, distributed, sold, or installed by this Defendant, or, if in fact such products were

used, then such products did not cause any damage whatsoever to the Decedent/Plaintiffs, or that such use, and any resulting damages are *de minimis*.

**6.**

Rust Engineering avers that Decedent/Plaintiffs have failed to mitigate any damages sustained.

**7.**

Rust Engineering avers that any products it may have installed were safe for normal use, were not defective, and were not unreasonably dangerous, as those products may have been used by Rust Engineering.

**8.**

Rust Engineering avers that Decedent/Plaintiffs' alleged injuries did not occur as a result of exposure to asbestos, but were approximately caused by other medical conditions, including, but not limited to, health conditions related to tobacco use.

**9.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that, if Decedent/Plaintiffs were exposed to any product manufactured, distributed, sold or installed by Rust Engineering, which is specifically denied, then any alleged injuries resulted solely and proximately from the misuse and/or alteration of such products by the Decedent/Plaintiffs and/or others.

**10.**

Rust Engineering avers that it is entitled to a credit for the virile portion or percentage of fault attributable to any and all settling defendants and/or non-defendant entities.

**11.**

Rust Engineering avers that any claim for punitive damages herein is unconstitutional and is further proscribed under Louisiana law.

**12.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering specifically avers that the products it may have installed were done so with the highest degree of skill and care and in conformity with the knowledge and skills available to the industry at all times in question and were in adherence with all appropriate government and industry standards.

**13.**

Rust Engineering avers that any claim based on any theory of strict liability or liability without fault is unconstitutional in that it seeks to impair the redress of grievances and intends to deprive Rust Engineering of property without due process of law. Rust Engineering further avers that it is not legally responsible to Decedent/Plaintiffs under any theory of strict liability for any injury, loss of damage, as a result of Plaintiffs' contact with, or exposure to, or use of any asbestos-containing product prior to June 28, 1971, when the Louisiana Supreme Court decided the case of *Weber v. Fidelity & Casualty Company of New York,* 250 So. 2d 754 (La. 1971).

**14.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, in the alternative, should the court hold that any theory of product liability is applicable in this case, then Rust Engineering specifically avers that this matter is governed by LSA-R.S. 9:2800.51-2800.59, the Louisiana Products Liability Act.

**15.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that at the time the product left Rust Engineering's control, the existence of an alternative design was not known or knowable to Rust Engineering or any reasonable manufacturer of similar products from the then-existing reasonably available scientific and technological knowledge.

**16.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that an alternative design satisfying the same demands was not feasible from the reasonably-available scientific and technological knowledge which existed at the time the product was manufactured and left Rust Engineering's control.

**17.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that any injury or damage suffered by Decedent/Plaintiffs in connection with a product manufactured or supplied by Rust Engineering, which injuries or damages are specifically denied, did not result from the normal or reasonably-anticipated use of any product manufactured, distributed or supplied by Rust Engineering.

**18.**

To the extent that Rust Engineering may be deemed to be a manufacturer, which is specifically denied, Rust Engineering avers that Decedent/Plaintiffs' employers and/or statutory employers were sophisticated purchasers and/or sophisticated users of the products and, therefore, Rust Engineering had no duty to warn Decedent/Plaintiffs or his/her employers and/or statutory employers of the allegedly dangerous nature of the product.

**19.**

Rust Engineering asserts that Decedent/Plaintiffs' claims are barred by the immunity afforded under Louisiana's Workers Compensation Laws.

**20.**

Rust Engineering asserts that it is immune from suit by Decedent/Plaintiffs on the grounds that it is a statutory employer of the Decedent/Plaintiffs pursuant to Louisiana's Workers Compensation Laws.

**21.**

Rust Engineering avers that all claims alleged herein against it are barred, in whole or in part, by peremption.

**22.**

Rust Engineering denies any and all allegations of successor liability.

**23.**

If Defendant is found responsible in any way to Plaintiffs, which liability is specifically denied, it is entitled to have the fault of Decedent/Plaintiffs, all named defendants including those who have settled with Decedent/Plaintiffs prior to judgment, and any other person, entities and parties allocated, and any amounts found owning to Decedent/Plaintiffs reduced to the extent of the apportionment of such fault to Plaintiffs and/or other person, entities and/or parties.

**24.**

Decedent/Plaintiffs, having been warned or otherwise made aware of the alleged dangers to the materials to which he was exposed, assumed the risk and is barred from any recovery for the claims asserted.

**25.**

It is denied that Decedent/Plaintiffs were exposed to any substance which required warning of the relationship of such substance to the illness or injury allegedly sustained by Decedent/Plaintiffs, and the relationship of such substances to such injury or illness is denied. Alternatively, such warnings as were furnished by Defendant to Decedent/Plaintiffs or to any third-party who owned a duty to warn Plaintiffs was adequate and fulfilled any obligation Defendant had to provide such warning.

**26.**

Decedent/Plaintiffs' employers were sophisticated users of asbestos-containing equipment, which eliminate any duty on the part of Defendant (which duty is expressly denied) to warn Decedent/Plaintiffs of any asbestos hazards.

**27.**

To the extent that Decedent/Plaintiffs allege exposure to asbestos by Rust Engineering, which at times had a contract with the United States Government to perform work, the United States Government had a contractual right to specify how to the contract would be complied with, the United States Government exercised that right and Defendant complied with those specifications, and therefore specifically asserts the "government contractor defense".

**28.**

To the extent that Decedent/Plaintiffs allege exposure to asbestos by Rust Engineering, which at times had a contract with the United States Government to perform work, Rust asserts derivative sovereign immunity.

**29.**

Rust Engineering specifically pleads state of the art as an affirmative defense.

**30.**

Rust Engineering reserves the right to supplement and amend its answers and defenses.

**WHEREFORE**, considering the foregoing, Defendant, Rust Engineering & Construction, Inc. prays that this matter is dismissed as to Rust Engineering and Construction, Inc., or, in the alternative, that after due proceedings are had, this matter is dismissed, *with prejudice*, and at Plaintiffs' sole cost.

Respectfully submitted,

**SULZER & WILLIAMS, L.L.C.**

*/s/Robert E. Williams, IV*

RICHARD P. SULZER, La Bar # 21150
rsulzer@sulzerandwilliams.com
ROBERT E. WILLIAMS, IV, La Bar # 19217
rwilliams@sulzerandwilliams.com
201 Holiday Boulevard, Suite 335
Covington, Louisiana 70433
Telephone: (985) 898-0608
Facsimile: (985) 898-0871
Service E-Email: asbestos@sulzerandwilliams.com
***Attorneys for Defendant, Rust Engineering & Construction, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing of ECF registrants. I also certify that a copy of the foregoing was forwarded by United States Mail, postage prepaid and properly, to all to non-ECF registrants.

*/s/Robert E. Williams, IV*
ROBERT E. WILLIAMS, IV, La. Bar # 19217