UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRECK WILLIAMS | * | CIVIL ACTION NO. |
| and TARSIA WILLIAMS | * | 2:09-cv-00065 |
| | * | c/w |
| v. | * | 2:16-cv-13136 |
| | * | |
| LOCKHEED MARTIN, ET AL | * | JUDGE: IVAN LEMELLE |
| | * | MAGISTRATE: KAREN WELLS ROBY |

### THE BOEING COMPANY'S STATEMENT OF UNCONTESTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, The Boeing Company ("Boeing"), through its undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, hereby submits the Statement of Uncontested Facts in support of its Motion for Summary Judgment.

1. Decedent, Frank Williams, worked at NASA's Michoud Assembly Facility ("MAF") from 1974-1993.[1]

2. Boeing was previously dismissed from this case via summary judgment by the United States District Court for the Eastern District of Pennsylvania's MDL on June 23, 2014.[2]

3. The United States Court of Appeals for the Fifth Circuit ("U.S. Fifth Circuit") (i) **reversed** the district court's ruling on Boeing's Motion for Summary Judgment; (ii) **remanded** and directed the district court to determine whether Plaintiffs' discovery was properly limited as to Boeing; and (iii) **affirmed** the district court's ruling that Plaintiffs' wrongful death claims were time barred by the relevant Louisiana statute of limitations, i.e., prescription.[3]

---

[1] *See* also, Exhibit B Plaintiffs' Second Supplemental Petition for Damages at ¶28.
[2] *See* ECF 2:09-cv-70101 422, Order granting Boeing's Motion for Summary Judgment.
[3] *Williams v. Boeing Co.,* 23 F.4th 507, 517 (5th Cir. 2022).

1

4. Following a status conference with Plaintiffs and Boeing, this Court issued a discovery order on May 4, 2022 re-opening discovery as to Boeing on a **limited** basis.[4]

5. This Court's aforementioned order limits discovery as to Boeing's knowledge of asbestos and/or asbestos remediation at buildings 103, 250, 351, and possibly other buildings at the MAF during 1974-2008.[5]

6. The Court's discovery order permitted Plaintiffs to proceed with a 30(b)(6) deposition of Boeing's representative as outlined in the order.[6]

7. The Court's discovery order permitted the parties to conduct additional discovery related to Boeing's control of the relevant workspaces, responsibility for installing or maintaining asbestos in buildings where the decedent was known to have frequented, and knowledge of asbestos in the facilities where the decedent worked or frequented.[7]

8. Since this Court's re-opening of limited discovery as to Boeing, significant discovery has taken place including:

    a. Plaintiffs and Boeing exchanged written discovery requests;

    b. Plaintiffs deposed Boeing's corporate representative Harold Hamilton;

    c. Plaintiffs' star fact witness George Stemley was deposed March 10, 2023[8]; and

    d. Plaintiffs' fact witness Morgan Watson was deposed March 13, 2023.[9]

---

[4] *See* R. Doc. 242.
[5] *See* R. Doc. 242.
[6] *See* R. Doc. 242.
[7] *See* R. Doc. 242.
[8] The transcript of Mr. Stemley's March 10, 2023 deposition is not yet available. Boeing will supplement its Motion for Summary Judgment and this Statement of Uncontested Facts upon its receipt.
[9] The transcript of Mr. Watson's March 13, 2023 deposition is not yet available. Boeing will supplement its Motion for Summary Judgment and this Statement of Uncontested Facts upon its receipt.

9. Decedent's former co-worker at the MAF, George Stemley, testified he had no knowledge of Decedent working in or visiting buildings other than 350 and 351.

10. Mr. Stemley testified he did not know the years Boeing was present at the MAF and had no knowledge as it relates to Boeing and any alleged Facilities Operations Contracts ("FOC").[10]

11. Mr. Stemley testified he did not know if Boeing had any role in construction, direction, or control of any installation efforts at the MAF.[11]

12. Mr. Stemley testified he did not know whether Decedent worked with or around Boeing employees at MAF, or whether Boeing worked in Buildings 350 and 351 during Decedent's employment at MAF.[12]

13. Morgan Watson, another coworker of Decedent's, testified he had no knowledge of what Decedent did at the MAF from 1974 onward.[13]

14. Mr. Watson only associated Boeing at the MAF with regard to Saturn V.[14]

15. Saturn V have been disavowed as a source of Decedent's alleged exposures to asbestos at MAF.[15]

16. Neither Mr. Stemley nor Mr. Watson offered any testimony concerning alleged exposures to asbestos Decedent may have sustained at MAF.

---

[10] The transcript of Mr. Stemley's March 10, 2023 deposition is not yet available. Boeing will supplement its Motion for Summary Judgment and this Statement of Uncontested Facts upon its receipt.
[11] *Id.*
[12] *Id.*
[13] The transcript of Mr. Watson's March 13, 2023 deposition is not yet available. Boeing will supplement its Motion for Summary Judgment and this Statement of Uncontested Facts upon its receipt.
[14] *Id.*
[15] *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 858 and 862 (5th Cir. 2021).

17. Decedent's son, Breck Williams (a named Plaintiff in this case) was also deposed. However, he worked at MAF after Decedent's retirement in 2008, and never observed his father performing work at MAF.[16]

18. Moreover, Breck Williams conceded he had no knowledge of the types of products and materials Decedent worked with or around at MAF, if any, that may have contained asbestos.[17]

19. Breck Williams also provided no testimony with respect to the buildings where Decedent may have worked, the duration of time his father spent in those buildings, any activities taking place in those buildings in the vicinity of his father, or any potential asbestos exposures his father may have had at the MAF.[18]

20. In sum, there is no evidence Decedent sustained any exposures to asbestos due to the alleged fault of Boeing.

[*Signature Block Appears on following page*]

---

[16] *See* Exhibit C p. 51/1-10, Deposition of Breck Williams on June 12, 2013.
[17] *See* Exhibit C p. 51/1-7, Deposition of Breck Williams on June 12, 2013.
[18] *See generally* Exhibit C, Deposition of Breck Williams on June 12, 2013.

<table>
<tr><td>

Respectfully submitted,

**MG+M Law Firm**

*/s/ Danielle M.S. Riera*
Glenn L. M. Swetman, Bar No. 21904
Christopher O. Massenburg, Bar No. 26989
Jeanette S. Riggins, Bar No. 27056
Brandie M. Thibodeaux, Bar No. 29344
B. Adam Hays, Bar No. 30255
Natasha A. Corb, Bar No. 35720
Meghan B. Senter, Bar No. 34088
Amanda L. Deto, Bar No. 37949
Danielle M.S. Riera, Bar No. 37866
Vikram S. Bhatia, Bar No. 37586
Mary A. Reed, Bar No. 38641
Alexandra D. Bourbon, Bar No. 38605
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Telephone: 504-535-2880
Facsimile: 504-535-2886
Email: AsbLitLa@mgmlaw.com

</td><td>

**Howard P. Goldberg**
(Admitted *pro hac vice*)
**John T. Hugo**
(Admitted *pro hac vice*)
**Stephanie M. Chesney**
(Admitted *pro hac vice*)
MG+M Law Firm
125 High Street
Oliver Street Tower, 6th Floor
Boston, MA 02110
Telephone: (617) 670-8800
Email: HGoldberg@mgmlaw.com
JHugo@mgmlaw.com
SChesney@mgmlaw.com

and

**Dane S. Ciolino,** Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
Phone: (504) 975-3263
Dane@daneciolino.com

***Attorneys for The Boeing Company***

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of March, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/Danielle M.S. Riera*
Danielle M.S. Riera