# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRECK WILLIAMS | * | CIVIL ACTION NO. |
| and TARSIA WILLIAMS | * | 2:09-cv-00065 |
| | * | c/w |
| v. | * | 2:16-cv-13136 |
| | * | |
| LOCKHEED MARTIN, ET AL | * | JUDGE: IVAN LEMELLE |
| | * | MAGISTRATE: KAREN WELLS ROBY |

## THE BOEING COMPANY'S
## MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, The Boeing Company ("Boeing"), which files its Memorandum in Support of its Motion for Summary Judgment seeking dismissal of Plaintiffs claims against Boeing.

In sum, Plaintiffs are unable to meet their burden of proof in establishing Decedent was substantially exposed to asbestos—much less that he was exposed whatsoever—due to alleged fault of Boeing. Despite the United States Court of Appeals for the Fifth Circuit's ("U.S. Fifth Circuit") remand[1] and this Court's order re-opening discovery on a limited basis as to Boeing,[2] there remains zero evidence, admissible or otherwise, to support Plaintiffs' claims as to Boeing. Hence, summary judgment as to Boeing is proper and should be granted by this Court.

## INTRODUCTION

Decedent, Frank Williams, filed suit against twelve defendants in Louisiana state court on November 12, 2008 ("Original Petition") alleging that through the Defendants' negligence, he was exposed to asbestos from certain materials while working at NASA's Michoud Assembly Facility

---
[1] *Williams v. Boeing Co.,* 23 F.4th 507, 510 (5th Cir. 2022)
[2] *See* R. Doc. 242.

("MAF"), and that as a result of those exposures, developed malignant mesothelioma.[3] Decedent died on January 1, 2009.[4] On January 8, 2009, defendant, Lockheed Martin, removed the state court matter to the U.S. District Court for the Eastern District of Louisiana based on the federal officer removal statute, 28 U.S.C. §1442(A)(1).[5] Six months later, on June 8, 2009, the case was transferred to the multi-district litigation ("MDL") asbestos docket in the U.S. Eastern District of Pennsylvania.[6] More than two years after Decedent's death, Plaintiffs filed a motion to substitute as his surviving children asserting survival and wrongful death actions in January 2013.[7] It was not until Plaintiffs' 2013 First Amended Petition for Damages and Second Amended and Supplemental Petition for Damages that Boeing was named as a defendant herein.[8]

Boeing was named a defendant for allegedly entering into a lease agreement with NASA for the use and maintenance of MAF.[9] Plaintiffs aver that pursuant to the alleged lease agreement, Boeing occupied and maintained MAF in the 1960s and 1970s. In connection with these alleged contracts, Plaintiffs assert Boeing performed "numerous construction, reconstruction, repairs, and other building projects" at MAF, including the installation or use of asbestos containing products.[10] Plaintiffs further aver asbestos containing materials were installed by, at the direction of, or on

---

[3] *See* R. Doc. 1-1 p. 3-4, Decedent's Original Petition for Damages.
[4] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at p. 10.
[5] *See* R. Doc. 1, Lockheed Martin's Notice of Removal.
[6] *See* R. Doc. 23, Transfer Order.
[7] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶29.
[8] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶ 11, 20, 23-25, and 28. *See also*, Exhibit B, Plaintiffs' Second Supplemental Petition for Damages at ¶20, 23-25, and 28.
[9] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶ 11, 20, 23-25, and 28. *See also*, Exhibit B, Plaintiffs' Second Supplemental Petition for Damages at ¶20, 23-25, and 28.
[10] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶24. *See also*, Exhibit B, Plaintiffs' Second Supplemental Petition for Damages at ¶20, 23-25, and 28.
[10] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶24. *See also*, Exhibit B Plaintiffs' Second Supplemental Petition for Damages at ¶23.

behalf of Boeing, or alternatively, that Boeing is strictly liable as an owner and/or lessee of the MAF[11] and responsible for any maintenance thereon.[12]

Plaintiffs also allege that during the time Boeing supposedly maintained the MAF via purported facilities operations contracts ("FOCs"), it entered into agreements with NASA to perform work on external fuel tanks. However, Plaintiffs subsequently disavowed—and continue to disavow—external fuel tanks as a source of Decedent's alleged asbestos exposure at MAF.[13]

After Boeing filed its prior motion for summary judgment [ECF 2:09-cv-70101, document 381],[14] premised upon the absence of exposure evidence as to Boeing and prescription time-barring Plaintiffs' wrongful death claims, the MDL subsequently dismissed Boeing from the initial iteration of *Williams* on June 23, 2014. Plaintiffs timely appealed to the U.S. Fifth Circuit on December 2, 2016. In January 2022, the U.S. Fifth Circuit: (i) reversed the district court's ruling on Boeing's motion for summary judgment; (ii) remanded and directed the district court to determine whether Plaintiffs' discovery was properly limited as to Boeing; and (iii) affirmed the district court's ruling that Plaintiffs' wrongful death claims were time barred by the relevant Louisiana statute of limitations, i.e., prescription.[15] Hence, following the U.S. Fifth Circuit's remand, this Court only needed to assess whether Plaintiffs should be granted the opportunity to conduct discovery as to Boeing.[16]

On May 4, 2022 this Court permitted Plaintiffs to proceed with limited discovery as to Boeing.[17] Specifically, the aforementioned order provided:

---

[11] MAF is "NASA-owned and managed." *See* https://www.nasa.gov/centers/marshall/michoud/index.html
[12] *See* Exhibit A, Plaintiffs' First Amended Petition for Damages at ¶28 and 75. *See also,* Exhibit B Plaintiffs' Second Supplemental Petition for Damages at ¶28 and 75.
[13] *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 858 and 862 (5th Cir. 2021).
[14] Boeing hereby adopts and incorporates all arguments, statements, positions, and representations made in its initial motion for summary judgment [*See* ECF 2:09-cv-70101, document 381, as if incorporated herein, *in extenso*.
[15] *Williams v. Boeing Co.,* 23 F.4th 507, 517 (5th Cir. 2022).
[16] *See* R. Doc. 243 p.3/18-23, Transcript of Status Conference Dated May 3, 2023
[17] *See* R. Doc. 242.

> **[L]imited** discovery shall be reopened in this matter, including a 30(b)(6) deposition of Boeing's representative, or representatives, who have knowledge of asbestos and/or asbestos remediation at **buildings 103, 350, 351**, and possibly other buildings, **during 1974-2008**, the time period when the decedent Frank Williams worked at the Michoud Assembly Facility. After depositions, the parties may conduct additional discovery related to Boeing's control of the relevant workspaces, responsibility for installing or maintaining asbestos in buildings where the decedent was known to have frequented, and knowledge of asbestos in the facilities where the decedent worked or frequented. Boeing may also conduct additional discovery to support its defense."[18]

Following the Court's order re-opening limited discovery as to Boeing, Plaintiffs and Boeing exchanged written discovery requests, and Plaintiffs deposed Boeing's corporate representative Harold Hamilton (and will also depose another corporate representative of Boeing, Ken Drew). Fact witnesses have also been deposed, including Plaintiffs' star witness George Stemley, whose affidavit Plaintiffs previously relied upon in their opposition to Boeing's initial motion for summary judgment [*See* ECF 2:09-cv-70101, document 382-18, Aff. of George Stemley]. Yet, nearly fifteen (15) years after filing suit against the initial defendants, ten (10) years after naming Boeing as a defendant, and this Court's order permitting discovery as to Boeing, Plaintiffs still cannot offer any evidence whatsoever that Decedent was exposed to asbestos at MAF due to the alleged fault of Boeing.

Critically, none of the evidence establishes Decedent worked with/around Boeing employees at MAF during the relevant years of exposure, i.e., 1974 – 2008 [*See* R. Doc. 242]; Boeing worked with/around asbestos-containing products in Decedent's presence and/or caused his alleged exposures to asbestos; or that Boeing installed, maintained, or had knowledge of "asbestos in buildings" [*Id.*] where Decedent frequented. Considering Plaintiffs cannot show Decedent was substantially exposed to asbestos (or that he was even exposed whatsoever) at MAF due to the fault of Boeing, they consequently are unable to prove these alleged exposures were a

---

[18] *See* R. Doc. 242 ¶1.

cause-in-fact of Decedent's asbestos-related disease. **In sum, Plaintiffs fail to meet their burden of proof as to Boeing**. As such, summary judgment as to Boeing is proper and warranted, and Boeing's motion must be granted.

## LAW AND ARGUMENT

**A. Summary judgment standard.**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[19] On a motion for summary judgment, the moving party bears the burden of establishing there are no genuine issues of material fact.[20] If the non-moving party bears the burden of proof at trial on a dispositive issue, the moving party may satisfy its burden by merely establishing that the evidence in the record does not contain sufficient proof of any essential element of the non-moving party's claim.[21] In other words, the party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.[22]

Once the moving party meets its burden, the burden then shifts to the non-moving party, who must set out specific facts showing that a genuine issue exists through admissible evidence.[23] A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party.[24] The non-moving party may not simply rest upon the pleadings and allegations made in the case; rather, it must identify specific facts establishing that a genuine issue exists for

---

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).
[20] *Id.* at 323.
[21] *Id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1074-77 (5th Cir. 1996).
[22] *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).
[23] *Celotex*, 477 U.S. at 324.
[24] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).

trial to defeat a properly supported motion for summary judgment.[25] If the non-moving party fails to produce any legally sufficient evidence to support one or more of the essential elements of its claims on which that party will bear the burden of proof at trial, Rule 56 "mandates" the entry of summary judgment in favor of the moving party.[26] Moreover, "an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment."[27] Instead, the non-moving party, i.e., Plaintiffs, must present specific facts constituting "*sufficient evidence for a jury to return a verdict in favor of the non-moving party.*"[28]

Here, because Boeing has carried its burden of proof and Plaintiffs are unable to establish the existence of a genuine dispute of material fact, Boeing is entitled to summary judgment as a matter of law.

> **B. Plaintiffs are unable to meet their burden of proof in establishing that Frank Williams was substantially exposed to asbestos – or that he was even exposed whatsoever – due to the alleged fault of Boeing.**

To succeed on their claims against Boeing, Plaintiffs must show, among other things: (1) Decedent sustained exposure to asbestos released from products used by and/or under the direction, supervision, or control of Boeing at MAF; (2) Decedent's exposure to asbestos from these products was significant; and (3) such exposure caused or was a substantial factor in bringing about his disease.[29] Plaintiffs also "must show, by a preponderance of the evidence" Decedent "was exposed to asbestos [at MAF due to the alleged fault of Boeing] and he received

---

[25] *Id.* at 325; *Little*, 37 F.3d at 1075 (stating that the non-moving party cannot satisfy its burden with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by "only a scintilla of evidence").
[26] *Celotex*, 477 U.S. at 322-23.
[27] *Robertson v. Allied Signal, Inc.,* 914 F.2d 360,382 n.l2 (3d Cir. 1990).
[28] *Monroe v. Beard,* 536 F.3d 198, 207 (3d Cir. 2008) (emphasis added).
[29] *See Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1088 (La. 2009).

an injury substantially caused by that exposure."[30] The axiomatic causation test in an asbestos exposure matter in Louisiana specifically requires the following:

> Louisiana courts employ a "substantial factor" test to determine whether exposure to a particular asbestos-containing product was a cause-in-fact of a plaintiff's asbestos-related disease. Thus, in an asbestos case, the plaintiff must show he had <u>a significant exposure</u> to the product complained of to the extent that it was a substantial factor in bringing about the injury.

*Robertson v. Doug Ashy Bldg. Materials*, 2010-1551 (La. App. 1 Cir. 10/4/11); 77 So. 3d 360, 371 (emphasis added).

Moreover, a plaintiff's burden of proof against multiple defendants in an asbestos case "is not relaxed or reduced because of the degree of difficulty that might ensue in proving the contribution of each of the defendant's product [sic] to the plaintiff's injury."[31] The Louisiana Supreme Court in *Rando* similarly noted that "[w]hen multiple causes of injury are present, a defendant's conduct is a cause-in-fact if it is a substantial factor generating plaintiff's harm."[32] "Mere possibility, and even unsupported probability [of exposure], are not sufficient to support a judgment in the plaintiff['s] favor."[33] Furthermore, "[t]he mere physical presence of asbestos-containing materials at a particular job site is insufficient to find liability." [34] As discussed below, Boeing is entitled to summary judgment because Plaintiffs cannot produce any evidence which establishes the necessary elements, *supra*, in maintaining their claims against Boeing.

> i. *No witness has offered any testimony to support Plaintiffs' claims as to Boeing.*

Prior to the MDL granting Boeing's initial motion for summary judgment in 2014, the only admissible fact witness testimony was that of Decedent's son, Plaintiff Breck Williams. However,

---

[30] *Id.*
[31] *Lucas,* 60 So. 3d at 700.
[32] *Rando*, 16 So. 3d at 1088.
[33] *Lucas*, 60 So. 3d at 701.
[34] *Id.*

7

Breck Williams worked at MAF after Decedent's retirement in 2008, and never observed his father performing work at MAF.[35] Moreover, Breck Williams conceded he had no knowledge of the types of products and materials Decedent worked with or around at MAF, if any, that may have contained asbestos.[36] He also provided no testimony with respect to the buildings where Decedent may have worked, the duration of time his father spent in those buildings, any activities taking place in those buildings in the vicinity of his father, or any potential asbestos exposures his father may have had at the MAF.[37]

Since the court's May 4, 2022 discovery order, Plaintiffs produced their star witness, George Stemley, Decedent's coworker, for deposition on March 10, 2023. Plaintiffs previously relied upon Mr. Stemley's August 13, 2013 affidavit in opposing Boeing's prior Motion for Summary Judgment.[38] However, during Mr. Stemley's recent deposition, Mr. Stemley not only contradicted two statements in his 2013 affidavit, but he provided no testimony supporting Plaintiffs' claims against Boeing.[39]

Mr. Stemley's 2013 affidavit represented Decedent worked primarily on the second floor of Building 350, visited Building 351 (the cafeteria) on a regular basis, and worked in and/or visited Buildings 101, 102, 103, and possibly others.[40] However, during his recent deposition, Mr. Stemley testified Decedent worked in Building 350 and sometimes ate in Building 351, but that he had no knowledge of Decedent working in or visiting other buildings at MAF.[41] Additionally,

---

[35] *See generally* Exhibit C, Deposition of Breck Williams on June 12, 2013.
[36] *See* Exhibit C p. 51/1-7, Deposition of Breck Williams on June 12, 2013.
[37] *See* Exhibit C p. 51/1-10, Deposition of Breck Williams on June 12, 2013.
[38] *See* ECF 2:09-cv-70101, document 382, Plaintiffs' Opposition to Boeing's Motion for Summary Judgement dated April 25, 2014 at p. 19-20, *See also* ECF 2:09-cv-70101, document 382-18, Aff. of George Stemley.
[39] The transcript of Mr. Stemley's deposition last Friday, March 10, 2023 is not yet available. Boeing will supplement its Motion for Summary Judgment upon receipt of the transcript.
[40] *See* ECF 2:09-cv-70101, document 382-18 at ¶19, Aff. of George Stemley dated August 13, 2013.
[41] As Mr. Stemley's deposition took place last Friday, March 10, 2023, the transcript is not yet available. Boeing will supplement this Motion for Summary Judgment with specific citations to Mr. Stemley's deposition transcript following its receipt.

Mr. Stemley did not know the years Boeing was present at MAF and had no knowledge as it relates to Boeing and any alleged FOCs at MAF. Mr. Stemley did not know whether Decedent worked with or around Boeing employees at MAF, or whether Boeing worked in Buildings 350 and 351 during Decedent's employment. Mr. Stemley also did not know if Boeing had any role in construction, direction, or control of any installation efforts at the MAF.

Morgan Watson, another coworker of Decedent's, was also deposed on March 13, 2023.[42] Mr. Watson was unable to offer any information regarding Decedent's time at MAF relevant to the applicable discovery order, i.e., from 1974-2008, and testified he had no knowledge of what Decedent did at the MAF from 1974 onward. Notably, Mr. Watson's knowledge regarding MAF was limited to the years 1966 – 1968 (i.e., prior to the scope of permissible discovery as to Boeing, *See* R. Doc. 242) and pertained to Saturn V—which Plaintiffs specifically disavow as a source of Decedent's alleged exposure.[43] Interestingly, Mr. Watson testified he had no personal knowledge of Boeing having facilities management responsibilities, and only associated Boeing at MAF with regard to Saturn V. Ultimately, none of these fact witnesses can establish Decedent was exposed to asbestos at MAF, much less that these alleged exposures occurred due to the fault of Boeing. Hence, Boeing's Motion for Summary Judgment should be granted.

> ii. Plaintiffs' factual "evidence" against Boeing is insufficient to meet their burden of proof as to product identification and causation under Louisiana law.

Importantly, **none of the evidence establishes that work with or around asbestos-containing products, much less any which were allegedly used by and/or at the direction of**

---

[42] As Mr. Watson's deposition took place this Monday, March 13, 2023 the transcript is not yet available. Boeing will supplement this Motion for Summary Judgment with specific citations to Mr. Watson's deposition transcript following its receipt.
[43] *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 858 and 862 (5th Cir. 2021). *See also* R. Doc 242, Order limiting discovery to the years 1974-2008.

**Boeing at MAF, were a source of Decedent's alleged exposures**. Hence, at the outset, Plaintiffs claims as to Boeing fail. Even if Plaintiffs could establish the presence of same (which they cannot), they still could not adequately defeat Boeing's motion for summary judgment.[44] "[I]t is insufficient to simply show that the product contained asbestos; rather the burden is to show that the product released asbestos dust or fibers that were inhaled by plaintiff and that this exposure was a substantial factor in bringing about the injury."[45]

In this case, Plaintiffs must show that Decedent worked with or around asbestos-containing products, that those asbestos-containing products were used by and/or at the direction of Boeing, that those products released asbestos fibers, that those fibers were subsequently inhaled by Decedent, and that those fibers were a substantial contributing factor in causing his mesothelioma. However, Plaintiffs are unable to meet this burden, as they cannot even establish Decedent worked with or around asbestos-containing products, much less that any such products were used by or at the direction of Boeing and/or those products released respirable fibers.

Absent specific evidence that Decedent was exposed to an asbestos-containing product, a fact finder could not reasonably conclude that Boeing's alleged work and/or presence at MAF contributed to his asbestos-related disease. Because there is an **absence of a genuine issue of material fact** regarding any alleged asbestos exposures Decedent sustained at MAF, Boeing is entitled to summary judgment as a matter of law.

> iii. *There is no evidence that Boeing was a substantial factor in causing Decedent's injuries.*

Because Plaintiffs cannot meet the above threshold requirement, this Court does not need to continue its analysis. In short, Plaintiffs cannot satisfy the second "substantial factor" element without

---

[44] *See Lucas v. Hopeman Bros., Inc.,* 60 So.3d 690 (La.App. 4 Cir. 2011) (holding that evidence of presence of asbestos-containing product is not sufficient to defeat summary judgment).
[45] *Graves v. Riverwood Int'l Corp.*, 41,810, p. 22 (La.App. 2 Cir. 1/31/07); 949 So.2d 576, 589, *writ denied*, 2007-0630 (La. 5/4/07); 956 So.2d 621.

evidence of Decedent's exposure to an asbestos-containing product at MAF. Nonetheless, even if the Court were to assume for the purposes of Boeing's Motion that there is evidence placing asbestos-containing products used by and/or at the direction of Boeing at MAF during the relevant years of exposure (which there is not), Plaintiffs claims against Boeing nonetheless fail because they cannot prove that any such products were a substantial factor in the development of Decedent's injuries.[46]

Louisiana courts employ the "substantial factor" test to determine whether exposure to a defendant's asbestos-containing product was a proximate cause of the plaintiff's alleged injuries.[47] The United States Court of Appeals for the Fourth Circuit described the "substantial factor" test in a case like this:

> [M]ere proof that the plaintiff and a certain asbestos product are at the [premises] at the same time, without more, does not prove exposure to that product. ...To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.

*See Lohrmann v. Pittsburgh Corning Corp.*, 782 F. 2d 1156, 1162-1163 (4th Cir. 1986). In other words, a plaintiff must establish he had a "significant exposure" to asbestos from the defendant's products.[48]

A plaintiff cannot satisfy his causation burden under the "substantial factor" analysis merely by proving that the defendant's product was *a* contributing factor.[49] Although the question

---

[46] *See Hoerner v. Anco Insulations, Inc.*, 812 So.2d 45, 54-55 (La. App. 4th Cir. 2002) (holding that merely proving the presence of a defendant's product at the decedent's work site does not establish that the product was a substantial factor in causing the injury).
[47] *See Rando*, 16 So.3d at 1088; *Palermo v. Port of New Orleans*, 933 So.2d 168, 181 (La. App. 4th Cir. 2006) ("To determine whether a particular source of exposure to asbestos was a cause-in-fact of a plaintiff's asbestos-related disease, Louisiana courts employ a "substantial factor" test. Simply stated, the particular exposure must be a substantial contributing factor to the plaintiff's disease.").
[48] *See Rando*, 16 So.3d at 1091; *Thibodeaux v. Asbestos Corp., Ltd.*, 976 So. 2d 859, 867 (La. App. 4th Cir. 2008).
[49] *See Lucas v. Hopeman Bros., Inc.*, 60 So.3d 690, 700 (La. App. 4th Cir. 2011).

of whether a defendant's conduct was a substantial factor is typically a question for the jury, this Court can resolve that issue in cases where, as here, "reasonable men could not differ."[50]

Importantly, Plaintiffs cannot satisfy the "substantial factor" test in the case *sub judice*. As discussed above, **there is simply no evidence** that Decedent worked with or around any asbestos-containing products at MAF, much less any such products that were used by or at the direction of Boeing. Moreover, even if there was evidence placing asbestos-containing products at MAF that were used by and/or at the direction of Boeing (which alone would be insufficient to defeat Boeing's Motion), there is no evidence in the record that any alleged exposures from these products was "significant." There is no fact witness testimony describing the frequency or regularity with which Decedent was allegedly exposed to asbestos associated with such products. Nor is there any expert testimony opining that these products and/or those allegedly used by or at the direction of Boeing with any such frequency and/or regularity were a substantial factor in causing Decedent's mesothelioma. Accordingly, given the absence of such evidence, there is **no genuine dispute** as to whether any Boeing's alleged use of asbestos-containing products at MAF during the relevant years of exposure was a substantial development in Decedent's injuries. Therefore, Boeing is entitled to summary judgment as a matter of law.

### III. CONCLUSION

Plaintiffs have no evidence to support their claims that Decedent was substantially exposed to asbestos through the fault of Boeing at MAF. Without evidence that he was substantially exposed to asbestos from the manipulation of materials for which Boeing allegedly bears responsibility, and without evidence that he was substantially exposed to asbestos from being in the vicinity of others manipulating materials for which Boeing bears responsibility, Plaintiffs

---

[50] *See Borel v. Fibreboard Paper Prod. Corp.*, 493 F.2d 1076, 1094 (5th Cir. 1973).

cannot meet their burden of proof at trial. Therefore, summary judgment as to Boeing must be granted.

Respectfully submitted,

**MG+M Law Firm**
*/s/ Danielle M.S. Riera*_____
Glenn L. M. Swetman, Bar No. 21904
Christopher O. Massenburg, Bar No. 26989
Jeanette S. Riggins, Bar No. 27056
Brandie M. Thibodeaux, Bar No. 29344
B. Adam Hays, Bar No. 30255
Natasha A. Corb, Bar No. 35720
Meghan B. Senter, Bar No. 34088
Amanda L. Deto, Bar No. 37949
Danielle M.S. Riera, Bar No. 37866
Vikram S. Bhatia, Bar No. 37586
Mary A. Reed, Bar No. 38641
Alexandra D. Bourbon, Bar No. 38605
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Telephone: 504-535-2880
Facsimile: 504-535-2886
Email: AsbLitLa@mgmlaw.com


**Howard P. Goldberg**
(Admitted *pro hac vice*)
**John T. Hugo**
(Admitted *pro hac vice*)
**Stephanie M. Chesney**
(Admitted *pro hac vice)*
MG+M Law Firm
125 High Street
Oliver Street Tower, 6th Floor
Boston, MA 02110
Telephone: (617) 670-8800
Email: HGoldberg@mgmlaw.com
JHugo@mgmlaw.com
SChesney@mgmlaw.com

and

**Dane S. Ciolino,** Bar No. 19311
DANE S. CIOLINO, LLC
18 Farnham Pl.
Metairie, LA 70005
Phone: (504) 975-3263
Dane@daneciolino.com

*Attorneys for The Boeing Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Danielle M.S. Riera
Danielle M.S. Riera